**Aung San Naw PHAGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72228.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Karen L. Stevens, Esq., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Aung San Naw Phaga, a native and citizen of Burma, petitions for review of the Board of Immigrations Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

█ We lack jurisdiction to review the agency's determination that Phaga failed to file his application for asylum within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir. 2005).

█ Phaga admitted that he lied, both on his application and at his removal hearing, about his date of entry, his manner of entry and his reasons for entry. He also admitted lying about his criminal record in the United States. Phaga did not make these admissions until the government presented evidence that contradicted his account. Substantial evidence therefore supports the agency's finding that Phaga was not credible because of his admitted history of being dishonest. *See Sarvia–Quintanilla v. INS,* 767 F.2d 1387, 1393 (9th Cir.1985) (ruling that when petitioner has demonstrated a pattern of dishonesty, there is no reason to give overall testimony weight). In the absence of credible testimony, Phaga failed to demonstrate eligibility for withholding of removal or relief under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We are not persuaded by Phaga's contention that the agency did not consider his witness's testimony or the country reports he presented. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095–96 (9th Cir. 2000) (holding that the agency is entitled to a rebuttable presumption that it reviewed all of the relevant evidence in the record).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

